ANDREW JOHN CALCAGNO (AC 3085)
Attorney At Law
404 Manor Road
Staten Island, New York 10314
(718) 815-0200
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

RICHARD ABONDOLO, as Chairman of the
Board of Trustees of UFCW LOCAL 50
WELFARE TRUST FUND; RICHARD
ABONDOLO, as Chairman of the Board of
Trustees of UFCW LOCAL 50 PENSION TRUST
FUND; RICHARD ABONDOLO, as Chairman of
the Board of Trustees of UFCW LOCAL 342
HEALTH CARE FUND; RICHARD ABONDOLO,
as Chairman of the Board of Trustees of UFCW
LOCAL 342 ANNUITY FUND; RICHARD
ABONDOLO, as Chairman of the Board of
Trustees of UFCW INTERNATIONAL UNION
AND INDUSTRY PENSION FUND; RICHARD
ABONDOLO, as Chairman of the Board of
Trustees of UFCW LOCAL 50 SEVERANCE
FUND; RICHARD ABONDOLO, as Chairman of
the Board of Trustees of UFCW LOCAL 342
SAFETY-EDUCATION-CULTURAL FUND; and
RICHARD ABONDOLO, as Chairman of the
Board of Trustees of UFCW LOCAL 342 LEGAL
FUND,

      Plaintiffs,

  -against-

SIEGMUND STRAUSS, INC.,

      Defendant.

------------------------------------X

Case No. 07 CIV 4850 (AKH)
ECF CASE

**ORDER TO SHOW CAUSE**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/7/07

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

Upon the affirmation of Andrew John Calcagno, Esq. and the affidavit of George Leventis, sworn to on the 5th day of June, 2007 and upon the copy of the complaint annexed hereto, it is

ORDERED, that the above-named Defendant show cause before a motion term of this Court, at Room *14D*, United State Courthouse, 500 Pearl Street, in the City, County, and State of New York, on *June 28*, *2007*, at *11:30* o'clock in the *fore* noon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure allowing the Plaintiffs to conduct an audit of the following records of the Defendant:

- The quarterly payroll tax returns for the period of June 2001 through the present;

- The payroll registers for the period of June 2001 through the present;

- The reconciliation scheduled of the payroll registers with the quarterly payroll tax returns for the period of June 2001 through the present;

- The employee payroll history details, including, but not limited to, dates of hire, dates of termination, and pay rates, for all employees for the period of June 2001 through the present; and

- W-2's and 1099's for the period of June 2001 through the present.

AND IT IS FURTHER ORDERED, that sufficient reason having been shown therefore, pending the hearing of plaintiff's application, the Defendant is hereby temporarily restrained and enjoined from disposing of and/or destroying in any way:

- The quarterly payroll tax returns for the period of June 2001 through the present;

- The payroll registers for the period of June 2001 through the present;

2

- The reconciliation scheduled of the payroll registers with the quarterly payroll tax returns for the period of June 2001 through the present;

- The employee payroll history details, including, but not limited to, dates of hire, dates of termination, and pay rates, for all employees for the period of June 2001 through the present; and

- W-2's and 1099's for the period of June 2001 through the present.

*Reopposition papers shall be filed and served by June 19, 2007.*

AND IT IS FURTHER ORDERED, that service via Federal Express Priority Overnight of a copy of this order and annexed affirmation, affidavit, and exhibits upon the Defendant or its *pl* counsel, if known, on or before __4__ o'clock in the ~~fore~~ *after* noon, __JUNE 8, 2007__, shall be deemed good and sufficient service thereof.

DATED: June 7 2007 New York, New York
ISSUED: __4:10__ PM

_____, U.S.D.J.

PART I

3