UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

| | |
|---|---|
| RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 50 WELFARE TRUST FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 50 PENSION TRUST FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 HEALTH CARE FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 ANNUITY FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW INTERNATIONAL UNION AND INDUSTRY PENSION FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 50 SEVERANCE FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 SAFETY-EDUCATION-CULTURAL FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 LEGAL FUND; and RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 INDEPENDENT WELFARE FUND, <br><br>Plaintiffs, <br><br>-against- <br><br>SIEGMUND STRAUSS, INC., <br><br>Defendant. | Case No. 07-cv-4850(AKH) <br>ECF CASE <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**AFFIRMATION OF ANDREW JOHN CALCAGNO IN SUPPORT OF ORDER TO SHOW CAUSE** |

_____X

ANDREW JOHN CALCAGNO, ESQ., being duly sworn according to law, deposes and says:

1. I am an attorney duly admitted to practice law in the United States District Court for the Southern District of New York.

2. I am special litigation counsel for the Plaintiffs, and as such, am fully familiar with the facts and circumstances in this matter.

-1-

3. I make this Affirmation in support of Plaintiffs' Order to Show Cause compelling Defendant, Siegmund Strauss, Inc., to allow the Funds to conduct an audit of Defendants' payroll and financial records from June 2001 through the present.

4. The Defendant is under a contractual obligation pursuant to a Collective Bargaining Agreement for the period of November 1, 1996 through October 31, 2000 ("1996-2000 CBA"), a Memorandum of Agreement for the period of November 1, 2000 through October 31, 2004 ("2000-2004 MOA"), and a Collective Bargaining Agreement for the period of November 1, 2004 through October 31, 2008 ("2004-2008 CBA"), which were signed and agreed upon by the Plaintiffs and the Defendant, to permit the Funds to conduct a payroll audit. *See* 1996-2000 CBA, 2000-2004 MOA, and 2004-2008 CBA, copies of which are attached hereto as **Exhibits A,B, and C, respectively**.

5. After discovering that there were several employees of Siegmund Strauss, Inc. that the company failed to report to the Union and the Fund Office, the Funds Auditor requested the company to give the Funds access to its books and records in order for the Fund office to conduct an audit as prescribed by the 1996-2000 CBA, 2000-2004 MOA, and 2004-2008 CBA. *See* Affidavit of George Leventis, which is submitted herewith and made a part hereof.

6. The Funds' request for an audit was well within the trustees' authority, common law fiduciary duties, and powers; however, Stanley Mayer, President of Siegmund Strauss, Inc., refused to allow the Funds access to the records.

7. The Funds cannot independently verify the accuracy of Defendant's contribution payments, nor can the Funds keep appropriate accounts, take and keep control of the trust property, and enforce claims, without first conducting an audit of the Defendant.

8. In failing to voluntarily submit to an audit, the Defendant is willfully breaching its agreements and contractual duties under the 1996-2000 CBA, the 2000-2004 MOA, and the 2004-2008 CBA.

9. As a result of the Defendant's recalcitrance, it is causing irreparable harm to the Funds.

10. Based upon the foregoing, it is respectfully requested that this Court grant Plaintiffs' Order to Show Cause in its entirety.

Dated:    New York, New York
          June 5, 2007

                                    _____/S/_____
                                    ANDREW JOHN CALCAGNO (AC 3085)
                                    Attorney for Plaintiffs