UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————X

RICHARD ABONDOLO, as Chairman of the : Case No. 07-cv-4850(AKH)
Board of Trustees of UFCW LOCAL 50 : ECF CASE
WELFARE TRUST FUND; RICHARD :
ABONDOLO, as Chairman of the Board of :
Trustees of UFCW LOCAL 50 PENSION TRUST :
FUND; RICHARD ABONDOLO, as Chairman of :
the Board of Trustees of UFCW LOCAL 342 :
HEALTH CARE FUND; RICHARD ABONDOLO, :
as Chairman of the Board of Trustees of UFCW :
LOCAL 342 ANNUITY FUND; RICHARD :
ABONDOLO, as Chairman of the Board of :
Trustees of UFCW INTERNATIONAL UNION :
AND INDUSTRY PENSION FUND; RICHARD :
ABONDOLO, as Chairman of the Board of :
Trustees of UFCW LOCAL 50 SEVERANCE :
FUND; RICHARD ABONDOLO, as Chairman of :
the Board of Trustees of UFCW LOCAL 342 :
SAFETY-EDUCATION-CULTURAL FUND; :
RICHARD ABONDOLO, as Chairman of the :
Board of Trustees of UFCW LOCAL 342 LEGAL :
FUND; and RICHARD ABONDOLO, as Chairman :
of the Board of Trustees of UFCW LOCAL 342 :
INDEPENDENT WELFARE FUND, :
 :
      Plaintiffs, :
 :
  -against- :
 :
SIEGMUND STRAUSS, INC., :
 :
      Defendant. :
————————————————————————X

**MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE**

## **LEGAL ARGUMENT**

### POINT I

THE COLLECTIVE BARGAINING AGREEMENT BETWEEN LOCAL 342 AND SIEGMUND STRAUSS, IS A BINDING CONTRACT WHICH PERMITS THE TRUSTEES OF EMPLOYEE FUNDS TO CONDUCT AUDITS OF STRAUSS' PAYROLL RECORDS. STRAUSS IS REQUIRED TO PERMIT FUND TRUSTEES TO AUDIT ITS PAYROLL RECORDS.

United Food & Commercial Workers Local 342-50, L-50 Division, AFL-CIO ("Local 342") represents the employees in the food service industry. Local 342 and defendant, Siegmund Strauss, Inc. ("Strauss") entered a Collective Bargaining Agreement ("CBA"), which covers a wide variety of labor issues between Strauss and its workers, and is meant to cover "all phases of selling, delivery and warehouse work of [Strauss] performed by [Strauss] within the Jurisdiction of [Local 342]." (See Collective Bargaining Agreement - November 1, 1996 to October 31, 2000, attached hereto as Ex. A, at pg. 1). The CBA required all employees of Strauss to become or remain members of Local 342, as a condition of employment. Id. Strauss also agreed to discharge any employee that failed "to obtain or retain membership in good standing in the Union [Local 342]." Id. at 2. Both parties recognized the CBA was binding. Id. at 1.

The CBA provided for Strauss' contributions to several Funds that benefit its employees, including the Welfare Trust Fund (id. at 16), Pension Trust Fund (id. at 17), and Severance Pay Fund (id. at 21) (collectively, the "Funds"). The Funds are administered by Local 342 (id. at 20). The CBA provides for enforcement of Strauss' contributions to the Funds:

> (b) The Union [Local 342] shall have the right to inspect and audit payroll records of the Employer applicable to employees covered by this Agreement to determine whether the Employer [Strauss] has performed all the wage, benefit contributions and any other monetary obligations under this Agreement [CBA]. . . . The Trustees of the Welfare, Pension and Severance Funds shall have the same rights as the Union under the foregoing with respect to benefit contributions due to said respective Funds.

Id. at 26-27.

The first CBA was duly executed between the parties was effective between November 1, 1996 to October 31, 2000.  Id. at 1.  When the original CBA lapsed, Local 342 and Strauss executed a Memorandum of Agreement ("MOA") on November 1, 2000 to continue the first CBA.  (See Memorandum of Agreement, attached hereto as Exhibit B.)  The MOA incorporated the CBA by reference, subject to enumerated modifications and was effective from November 1, 1996 through October 31, 2000.  Id.  The modifications concerned employee wages and the monetary amount Strauss would pay into the Funds on behalf of its employees.  Id.  The MOA did not modify the provisions of the CBA that gave Local 342 the right to inspect and audit the payroll records of Strauss.  Id.  On October 16, 2006, Strauss and Local 342 executed yet another agreement covering employee relations.  (See Collective Bargaining Agreement - November 1, 2004 to October 31, 2008, attached hereto as Exhibit C.)  The current CBA is substantially similar the first.  It became effective November 1, 2004 and remains effective until October 31, 2008.  Like the first CBA, both parties intended to make the current CBA binding.  (Id. at 1).  The Union Security provisions (*compare* Ex. A at 1, *with* Ex. C at 3) and Miscellaneous provisions (*compare* Ex. A at 26, *with* Ex. C at 26)) are identical in both subject CBAs.  The Management and Administration of the Welfare and Pension Trust Fund provisions (*compare* Ex. A at 20, *with* Ex. C at 21) are nearly identical.  The Trustees of the Funds now request to audit Strauss' payroll records from June 1, 2001 to the present, per their contractual right.  Strauss is refusing to cooperate.

In Alston v. Quik Park Garage Corp., 1997 U.S. Dist. LEXIS 20556 (S.D.N.Y. Dec. 30, 1997), this Court was presented with facts similar to the case at bar.  In that case, a Trustee of a local union sued to audit an employer.  Id. at *1.  However, the Trustee in that case sought information from a time period that was not covered by a collective bargaining agreement between the employer and the union.  Id. at *2.  The Court found that the Trustee was entitled to

the audit it sought, even though the information was outside the scope of a collective bargaining agreement. Id. at *5. The Court stated that:

> It cannot be disputed that employee benefit trust funds may bring an action in federal district court ERISA to collect "promised contribution." *Laborers Health & Welfare Trust Fund v. Advanced Lightweight Concrete Co. Inc.*, 484 U.S. 539, 549, 98 L. Ed. 2d 936, 108 S. Ct. 830 (1988); 29 U.S.C. § 1132. A collective bargaining agreement which established a contractual duty to make trust fund contributions is, of course, the basis for such "promised contributions." *Laborers*, 484 U.S. at 546-547. Conversely, trust funds may not sue under ERISA for contribution during a time period not specified in a collective bargaining agreement. *Laborers*, 484 U.S. at 550-551.
>
> Id. at *5-6.

In this case, a Trustee seeks to conduct an audit of an employer's payroll, for a time period continuously covered by a valid Collective Bargaining Agreement, i.e., from June 1, 2001 to the present. Strauss' refusal to allow this audit is in violation of the terms of both CBAs and contrary to the holdings of this Court.

## **CONCLUSION**

Local 342 and Strauss agreed that: 1) the CBAs were binding agreements, 2) all of Strauss' employees would belong to Local 342 or would join Local 342 within 31 days of being hired, as a condition of employment, 3) Strauss would contribute to several Funds that benefited Local 342 employees, 4) to enforce the Strauss' contributions to the Funds, Local 342 would have the right to audit Strauss' payroll records and 5) the Trustees of the Funds would have the same rights as Local 342 "to determine whether the Employer has performed all the wage, benefit contributions and any other monetary obligations under [the CBA]."

     Based on the foregoing, the Trustees of the Welfare, Pension and Severance Funds have a contractual right to audit Strauss' payroll records for the period of June 2001 to the present. Plaintiff respectfully requests that Motion to Show Cause be granted.

                                         Respectfully submitted,

                                         /S/

Dated: June 6, 2007                            Andrew John Calcagno, Esq.
                                                CALCAGNO & ASSOCIATES
                                                ATTORNEYS AT LAW, LLC
                                                Attorneys for Plaintiffs