UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————X
RICHARD ABONDOLO, as chairman of
the Board of Trustees of UFCW LOCAL    :
342 WELFARE FUND, et al.,
              Plaintiffs    :    **AFFIDAVIT IN OPPOSITION**

  -against-    :    07 Civ. 4850 (AKH)

SIEGMUND STRAUSS, INC.,    :
              Defendants.
——————————————————————X

STANLEY MAYER, being duly sworn, does hereby depose and say:

**Introduction**

1. S. Strauss, Inc. ("Strauss") is a purveyor of, *inter alia*, meats and food related products. I am one of the principals of Strauss and have been so for over 35 years.

2. The instant action and Order to Show Cause is the latest in the campaign of Local 342 UFCW ("Local 342") to enforce a sham collective bargaining agreement. Local 342 and its affiliated funds have now both sought to commence an arbitration against Strauss, presented a charge against Strauss to the National Labor Relations Board and commenced this action.

3. Strauss has already petitioned to stay the above stated arbitration demanded by Local 342 and obtained a temporary restraining order in the Supreme Court of the State of New York, County of Nassau. A copy of said Order to Show Cause is attached hereto as Exhibit "A." Strauss will seek the same stay against the Arbitration commenced by the Plaintiff

    Funds. It is respectfully submitted that the same stay should be imposed in the case at bar. For the reasons set forth below and in the accompanying Memorandum of Law, the Subject Action should be stayed pending the determination of the National Labor Relations Board.

4. Much of this Affidavit and the accompanying Memorandum of Law were provided to the Nassau County Supreme Court due to the identical issues pending before the two Courts. The collective bargaining agreement ("CBA") upon which Local 342 and/or its affiliated funds assert their purported right to arbitration or an audit and contributions, is a sham. Both Local 342 and the affiliated funds never observed the CBA and have abandoned it.

5. The parties to the CBA never intended to enter into a true collective bargaining relationship and therefore, as set forth in greater detail in the accompanying memorandum of law, no binding agreement to arbitrate exists and no contractual basis exists upon which Strauss is obligated to make contributions to the Plaintiff Funds.

6. Local 342's newly found desire to represent Strauss' employees raises critical questions of employee rights to determine bargaining representatives, which go to the heart of the National Labor Relations Act. Consequently, whether Local 342 represents any of Strauss' employees pursuant to a valid and binding collective bargaining agreement is a question that should and must be resolved by the National Labor Relations Board ("NLRB"). Therefore, both the demanded arbitrations (one of

which is already stayed pursuant to a temporary restraining order) and the Subject Action should be stayed to permit the NLRB the opportunity to reach such a determination.

**Background Facts**

7. Over 40 years ago, Strauss executed a collective bargaining agreement with the Respondent.

8. This agreement did not result from a vote of the employees of Strauss, nor said employees' execution of authorization cards, as neither occurred.

9. Rather, Strauss executed the agreement so that its owners and possibly one or two critical employees (of its then approximately 15 employees) could participate in the Respondent's affiliated employee welfare plans.

10. From that time forward until this year, nothing changed in the relationship between Strauss and the Respondent. No discussions were held between Strauss employees and the Respondent. No other Strauss employees, ostensibly members of the bargaining unit the Respondent purports to represent, had contact with the Respondent.

11. Strauss employees neither know of the existence of Local 342, nor of any relationship between Local 342 and Strauss. Said employees never had any such awareness. No prior arbitrations have been held, no applicable wage scale was ever set forth for certain purported members of the bargaining unit, virtually no benefits were provided to the proper members of the bargaining unit (overwhelmingly, benefits were only provided to the owners of Strauss [and at times one or two managerial/supervisory

employees] who were outside the bargaining unit) and no dues payments to Local 342 or remittances to the Plaintiff affiliated funds for virtually any Strauss employee other than the aforesaid owners and managerial employees in over 40 years.

12. In other words, for over 40 years, Local 342 has ignored any and all of its purported obligations under the series of collective bargaining agreements executed by the parties hereto. A copy of the most recent collective bargaining agreement is attached hereto as Exhibit "B."

13. The only thing that has changed is that the Plaintiff Welfare Funds have recently found themselves in a financially embarrassed position. Attached hereto as Exhibit "C" are copies of form letters from Donald Priniewych and Odalis Guttierez of these welfare funds, advising signatory employers that said funds would no longer be able to provide benefits to employees due to said funds' financial difficulties.

14. Now, for the first time in over 40 years, Plaintiffs and Local 342 assert a failure of Strauss to comply with an illusory and long since abandoned collective bargaining agreement.

15. As previously stated, the parties never intended to enter into a true collective bargaining relationship.[1]/ In any event, Local 342 abandoned the collective bargaining agreements in question and cannot enforce same.

---

[1]/ By way of example, in over 40 years, aside from never using the services of Local 342's hiring hall, Strauss has never been audited. If this were a true collective bargaining relationship, then neither the officers of Local 342, nor the Trustees of the Plaintiff affiliated funds complied with their most basic and rudimentary fiduciary obligations. In over 40 years, no one has compared Strauss' remittance reports to its quarterly tax returns. No one has done so because no collective bargaining relationship was ever intended or established.

4

As the collective bargaining agreement is of no force or effect, Local 342 does not represent any bargaining unit affiliated with Strauss and the Plaintiffs cannot rely upon a non-existant agreement. At a bare minimum, Local 342 and/or the Plaintiff Funds must respond to these issues before the NLRB; and the appropriate proceeding to determine these issues has been commenced by Local 342, by Strauss and by the employees of Strauss. Copies of the initiating petitions of Strauss and the employees and the Charges filed by Local 342 and Strauss with the NLRB are attached hereto as Exhibit "D."[2]/

16. Strauss executed the first and all successive collective bargaining agreements to avail certain of the Strauss owners and one or two critical employees of the Plaintiff Welfare Funds. In simplest terms, these welfare plans were less expensive than private health insurance.

17. Local 342 and the Plaintiff Funds were fully aware of the above, as they never sought to include any of the employees of Strauss. The identical conclusory statements in the affidavits of Messrs. Leventis and Calcagno; to wit: "After discovering that there were several employees of Siegmund Strauss, Inc. that the company failed to report to the Union and the Funds Office,..." speak volumes. Local 342 and its affiliated Funds could not innocently remain unaware for over 40 years. Rather they never intended to actually represent the members of the purported bargaining unit.

---

[2]/ The commencement of the Subject Action after Local 342's filing of a charge with the NLRB, which was after it demanded arbitration, yet just before the Plaintiff Funds demanded an additional arbitration shows that Local 342 and the Plaintiff Funds are engaging in untenable forum shopping and harassment of Strauss.

Otherwise, this would not be the first time in over 40 years that they would seek to match a quarterly tax return to a remittance report.

18. Similarly, while the stayed arbitration (A copy of the initial demand for same is attached hereto as Exhibit "E.") was initially demanded based upon a purported failure of Strauss to avail itself of Local 342's hiring hall, as allegedly required in Article 3 of the CBA; in over 40 years, Strauss has never availed itself of said hiring hall.[3/] Obviously, Strauss employed new personnel over said 40 years, yet never a peep from the Respondent about the failure to use its hiring hall. Nothing was said because it was always understood that Strauss would not actually be bound by the CBA.

19. Similarly, the wage scale set forth in the CBA is remarkable, as the bargaining unit set forth in the CBA would appear to include butchers, scalers, etc., (The CBA includes all "production employees.") No wage scale is, however, set forth for any employee actually engaged in production. Conspicuous in its absence is any reference to butchers, scalers, etc.

20. The absence of production employees from the wage schedule is all the more remarkable considering the Respondent's obvious emphasis upon the meat industry. Attached hereto as Exhibit "H" are various pages from the Local 342's web site and from its parent union's web site, exemplifying:

---

3/ Attached hereto as Exhibit "F" is a copy of the second and third Demands for Arbitration received by Strauss. Interestingly, the reference to Article 3 of the Collective Bargaining Agreement was deleted in the second demand and restated in the third demand. Attached hereto as Exhibit "G" is a copy of the Plaintiff Funds' Demand for Arbitration against Strauss.

6

(a) the aforesaid emphasis upon the meat industry; and (b) the fact that even Local 342's parent union apparently did not consider Strauss a signatory employer, as it is not listed among the various food purveyors whose employees Local 342 (or its parent union) purport to represent.

21. Further evidence of the illusory nature of the abandoned CBA is exemplified by the absence of arbitrations sought by Local 342 or the Plaintiff Funds. In 40 alleged years of representing essentially every employee of Strauss, the currently stayed arbitration is the first arbitration ever sought by Local 342 and the more recent Demand of the Plaintiff Funds is their first such demand.

22. Finally, the failure of Local 324 to ever have a single document posted on the Strauss employee bulletin board blatantly reveals the absence of any true collective bargaining relationship.

### The NLRB Should Determine Whether a Valid Collective Bargaining Agreement Exists (and Thereby any Right to Audit Strauss)

23. Based upon the facts set forth above and the applicable law set forth in the accompanying Memorandum of Law, Strauss respectfully submits that the Subject Action, just like the currently stayed and soon to be stayed arbitrations, should be stayed pending the NLRB's determination of the validity of the CBA. If the CBA is invalid, then no effective agreement exists upon which the Plaintiff Funds may base their request for an audit and/or contributions, requiring the dismissal of the Subject Complaint.

24. As set forth in the accompanying Memorandum of Law, however, the NLRB, the agency charged with expertise in this area (particularly

regarding representational issues concerning employees), should make this threshold determination.

25. Consequently, until the NLRB has reached that determination, the Subject Action should not go forward and should be stayed.

26. While going forward with this action and/or any requested audit results in the loss of time and money that cannot be recaptured, should the NLRB properly find the absence of any binding agreement; staying this action and/or the currently stayed arbitration (even if the NLRB subsequently wrongly finds a binding agreement) causes no real detriment. Having waited 40 years, the brief stay requested awaiting the NLRB determination, causes no actual harm.

Wherefore it is respectfully submitted that Plaintiffs' application for an order enjoining Strauss to submit to an audit be denied in its entirety and the Defendant be awarded such other and further relief as this Court deems just and proper.

_____
Stanley Mayer

Sworn to before me
this 11 day of JUNE, 2007

_____
NOTARY PUBLIC

Rich/Siegmund/aff in opp.40302

ALLAN J. MOROKNEK
NOTARY PUBLIC, State of New York
No. 41-2773435-Qual. In Nassau Co.
Commission Expires July 31, 2009