ANDREW JOHN CALCAGNO (AC 3085)
Attorney At Law
404 Manor Road
Staten Island, New York 10314
(718) 815-0200
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————X

RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 50 WELFARE TRUST FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 50 PENSION TRUST FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 HEALTH CARE FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 ANNUITY FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW INTERNATIONAL UNION AND INDUSTRY PENSION FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 50 SEVERANCE FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 SAFETY-EDUCATION-CULTURAL FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 LEGAL FUND; and RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 INDEPENDENT WELFARE FUND,

        Plaintiffs,

-against-

SIEGMUND STRAUSS, INC.,

        Defendant.

———————————————————————X

Case No. 07-cv-4850(AKH)
ECF CASE

**AMENDED COMPLAINT**

The Plaintiffs, RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 50 WELFARE TRUST FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 50 PENSION TRUST FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 HEALTH CARE FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 ANNUITY FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW INTERNATIONAL UNION AND INDUSTRY PENSION FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 50 SEVERANCE FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 SAFETY-EDUCATION-CULTURAL FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 LEGAL FUND; and RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 INDEPENDENT WELFARE FUND, by and through their attorney, Andrew John Calcagno, as and for their Amended Complaint, respectfully allege as follows:

## NATURE OF ACTION

1. This is an action to compel the Defendant to submit to an audit and for injunctive relief and/or specific performance, pursuant to a written collective bargaining agreement and obligations imposed by law.

2. Jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sections 1132 and 1145, and Sections 301 and 302 of the Labor-Management Relations Act of 1947 (the "Act"), 29 U.S.C. 185, and Section 9 of the United States Arbitration Act, 9 U.S.C. Section 9.

3. Venue lies within this Jurisdiction pursuant to 29 U.S.C. 185(c) and 1132 (e).

**PARTIES**

4. Plaintiff, RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 50 WELFARE TRUST FUND (the "Welfare Fund"), is a fiduciary empowered to bring this action on behalf of the Welfare Fund within the meaning of ERISA section 502.  Plaintiff, RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 HEALTH CARE FUND (the "Health Care Fund"), is a fiduciary empowered to bring this action on behalf of the Health Care Fund within the meaning of ERISA section 502. Plaintiff, RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 INDEPENDENT WELFARE FUND (the "Ind. Welfare Fund"), is a fiduciary empowered to bring this action on behalf of the Ind. Welfare Fund within the meaning of ERISA section 502.  The Welfare Fund, the Health Care Fund, and the Ind. Welfare Fund are employee welfare benefit plans within the meaning of ERISA Section 2, ERISA Section 3(1), and 29 U.S.C. 1002(1).  The Welfare Fund, the Health Care Fund, and the Ind. Welfare Fund were established and are maintained by the Union and various Employers for the purpose of providing health care coverage and other benefits to members of the Union working for various Employers, including the Defendant herein.  The Welfare Fund, the Health Care Fund, and the Ind. Welfare Fund maintain places of business at 540 West 48th Street, New York, New York 10036 and 166 East Jericho Turnpike, Mineola, New York 11501.

5. Plaintiff, RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 50 PENSION TRUST FUND (the "Pension Fund"), is a fiduciary empowered to bring this action on behalf of the Pension Fund within the meaning of ERISA section 502. Plaintiff, RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW INTERNATIONAL UNION AND INDUSTRY PENSION FUND (the "Int'l Pension

Fund"), is a fiduciary empowered to bring this action on behalf of the Int'l Pension Fund within the meaning of ERISA section 502. The Pension Fund and the Int'l Pension Fund are employee benefit pension plans within the meaning of ERISA Section 2, ERISA Section 3(2)(A), and 29 U.S.C. 1002(2)(A). The Pension Fund and the Int'l Pension Fund were established and are maintained by the Union and various employers for the purpose of providing retirement income and benefits to members of the Union working for employers, including the Defendant herein. The Pension Fund and the Int'l Pension Fund maintain places of business at 540 West 48th Street, New York, New York 10036 and 166 East Jericho Turnpike, Mineola, New York 11501.

6. Plaintiff, RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 50 SEVERANCE FUND (the "Severance Fund"), is a fiduciary empowered to bring this action on behalf of the Severance Fund within the meaning of ERISA section 502. The Severance Fund is employee benefit pension plan within the meaning of ERISA Section 2, ERISA Section 3(2)(A), and 29 U.S.C. 1002(2)(A). The Severance Fund was established and is maintained by the Union and various employers for the purpose of providing severance benefits to members of the Union working for employers, including the Defendant herein. The Severance Fund maintains places of business at 540 West 48th Street, New York, New York 10036 and 166 East Jericho Turnpike, Mineola, New York 11501.

7. Plaintiff, RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 SAFETY-EDUCATION-CULTURAL FUND (the "SEC Fund"), is a fiduciary empowered to bring this action on behalf of the SEC Fund within the meaning of ERISA section 502. The SEC Fund is employee benefit pension plan within the meaning of ERISA Section 2, ERISA Section 3(2)(A), and 29 U.S.C. 1002(2)(A). The SEC Fund was

established and is maintained by the Union and various employers for the purpose of providing security benefits to members of the Union working for employers, including the Defendant herein. The SEC Fund maintains places of business at 540 West 48th Street, New York, New York 10036 and 166 East Jericho Turnpike, Mineola, New York 11501.

8. Plaintiff, RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 LEGAL FUND (the "Legal Fund"), is a fiduciary empowered to bring this action on behalf of the Legal Fund within the meaning of ERISA section 502. The Legal Fund is employee benefit pension plan within the meaning of ERISA Section 2, ERISA Section 3(2)(A), and 29 U.S.C. 1002(2)(A). The Legal Fund was established and is maintained by the Union and various employers for the purpose of providing legal benefits to members of the Union working for employers, including the Defendant herein. The Legal Fund maintains places of business at 540 West 48th Street, New York, New York 10036 and 166 East Jericho Turnpike, Mineola, New York 11501.

9. Plaintiff, RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 ANNUITY FUND (the "Annuity Fund"), is a fiduciary empowered to bring this action on behalf of the Annuity Fund within the meaning of ERISA section 502. The Annuity Fund is employee benefit pension plan within the meaning of ERISA Section 2, ERISA Section 3(2)(A), and 29 U.S.C. 1002(2)(A). The Annuity Fund was established and is maintained by the Union and various employers for the purpose of providing annuity benefits to members of the Union working for employers, including the Defendant herein. The Annuity Fund maintains places of business at 540 West 48th Street, New York, New York 10036 and 166 East Jericho Turnpike, Mineola, New York 11501.

10. The Health Care Fund, the Welfare Fund, the Pension Fund, the Int'l Pension Fund, the Severance Fund, the SEC Fund, the Legal Fund, the Annuity Fund, and the Ind. Welfare Fund are hereinafter collectively known as the "Funds" and/or the "Plaintiffs."

11. Defendant, Siegmund Strauss, Inc. (the "Employer" and/or the "Defendant", and/or "Strauss") is an employer within the meaning of Section 2(2) of the Act, 29 U.S.C. Section 152 (2). Upon information and belief, the Employer maintains places of business at 110 East 149th Street, Bronx, NY 10451 and 520 Exterior Street, Bronx, NY 10451 and a prior place of business at 7245 Bronx Terminal Mkt. Stall 10, Bronx, NY 10451.

## BACKGROUND

12. The Union and the Employer are parties to a written collective bargaining agreement (the "Agreement"), which sets forth the wages, hours and conditions of employment for members of the Union working for the Employer.

13. Pursuant to the provisions of the Agreement, the Employer is obligated to make certain monthly contributions to the Funds to provide health care benefits, retirement benefits, severance benefits, security benefits, and legal benefits for its employees, and other benefits to members of the Union working for the Employer.

14. Pursuant to the provisions of the Agreement, the Employer agreed to be bound by the Declarations of Trust and other documents of the Funds, and authorized the Funds to maintain an action on their own behalf to collect contributions due and owing to the Funds.

15. Under ERISA, if the Employer fails to make contributions to the Funds in a timely manner, the Funds are entitled to recover from the Defendant the outstanding contributions to the Funds, plus interest, liquidated damages, reasonable attorney's fees, court costs and disbursements.

16. Pursuant to the provisions of the Agreement, the Employer is also obligated to deduct money collected from Union members for the payment of Union dues and other fees and to remit such money to the Union on a monthly basis.

17. Payments due to the Funds and to the Union are calculated separately for each Fund on remittance reports required to be prepared monthly by each contributing employer. Because contributing employers themselves calculate and prepare monthly remittance reports, the Plaintiffs must rely, in the first instance, upon the honesty and accuracy of the employers in reporting hours worked and paid, and in reporting the contributions owed on behalf of their employees. On these reports, the Defendant is required to report the amount of contributions due the Funds on the basis of the number of employees employed. Without the information contained in a remittance report, the monthly contributions due the Funds cannot be determined nor can a participant's eligibility for benefits be determined. The complete and accurate remittance report and accompanying payment are due the Funds no later than the tenth (10th) day after the end of each calendar month and are delinquent if received thereafter.

18. The Defendant is under a contractual obligation pursuant to a Collective Bargaining Agreement for the period of November 1, 1996 through October 31, 2000 ("1996-2000 CBA"), a Memorandum of Agreement for the period of November 1, 2000 through October 31, 2004 ("2000-2004 MOA"), and a Collective Bargaining Agreement for the period of November 1, 2004 through October 31, 2008 ("2004-2008 CBA"), which were signed and agreed upon by the Plaintiffs and the Defendant, to permit the Funds to conduct a payroll audit. See 1996-2000 CBA, 2000-2004 MOA, and 2004-2008 CBA, copies of which are attached hereto as **Exhibits A,B, and C, respectively**.

19. For the period including, but not necessarily limited to, June 2001 through the present, upon information and belief, Defendant has employed employees for whom contributions are due, but has failed to file the required remittance reports when due or make the required payments when due to the Funds, despite its obligation to do so under the collective bargaining agreement, the Funds' Agreements and Declarations of Trust, and Section 515 of ERISA, *29 U.S. C. Section 1145*, and despite repeated demands.

20. Therefore, pursuant to Section 502(g)(2) of ERISA, *29 U.S.C. Section 1132(g)(2),* Defendant is liable for additional amounts of interest and liquidated damages on all contributions not paid when due. In all likelihood, Defendant will continue to employ covered employees, but fail to make the required contributions, so that at the time this cause reaches judgment, Defendant will owe additional monthly contributions, interest, and liquidated damages for which Plaintiffs shall seek a money judgment and request that this Honorable Court retain jurisdiction over the matter once Plaintiffs have conducted an audit of the Defendant and move to compel an Arbitration.

## **FIRST COUNT**
## **(Compel Audit)**

21. Plaintiffs repeat reiterate and re-allege every allegation in paragraphs 1 through 20 above as if fully set forth at length herein.

22. An audit has never been conducted of Defendant's books and records.

23. The total dollar amount due to the Funds cannot be established now or in the future without reviewing Defendant's employment records for the period from June 2001 through the present. Nor can benefits to which participants may be entitled be calculated without reviewing Defendant's employment records for that period.

24. Pursuant to Article 25(b) on page 26 of the 1996-2000 CBA, the 200-2004 MOA, and Article 28(b) on page 27 of the 2004-2008 CBA, Defendant must permit Plaintiffs to conduct an audit of Defendant's wage, payroll, and personnel records for the period for which Defendant is obligated to contribute to the Funds.

25. Unless ordered to do otherwise by this Court, Defendant will continue to refuse to pay to the Funds the amounts established at the time this matter reaches trial or at the time of judgment.

26. Plaintiffs will suffer immediate, continuing and irreparable harm, unless Defendant is enjoined from refusing to perform all of its obligations to the Funds under the Collective Bargaining Agreements, the Memorandum of Agreement, and Declarations of Trust, and unless Defendant is restrained from continuing to refuse to perform as thereunder required.

27. Based upon the foregoing, Plaintiffs seek an order allowing the Plaintiffs to conduct an audit of the following records of the Defendant:

- The quarterly payroll tax returns for the period of June 2001 through the present;
- The payroll registers for the period of June 2001 through the present;
- The reconciliation scheduled of the payroll registers with the quarterly payroll tax returns for the period of June 2001 through the present;
- The employee payroll history details, including, but not limited to, dates of hire, dates of termination, and pay rates, for all employees for the period of June 2001 through the present; and
- W-2's and 1099's for the period of June 2001 through the present.

## SECOND COUNT
### (Compel Arbitration and/or Specific Performance)

28. Plaintiffs repeat, reiterate and re-allege every allegation in paragraphs 1 through 27 above as if fully set forth at length herein.

29. Once the Plaintiffs are able to conduct an audit of the Defendant, Plaintiffs will be able to accurately calculate the amount of contributions owed to the Plaintiffs by the Defendant.

30. Pursuant to Article 17 on page 20 and Article 20(b) on page 24 of the 1996-2000 CBA, the 2000-2004 MOA, and Article 20(b) on page 21 and Article 23(b) on page 24 of the 2004-2008 CBA, Plaintiffs have the right to take the Defendant to Arbitration for unpaid contributions.

31. Plaintiffs recently discovered nineteen (19) employees working for the Defendant, but the Funds, upon information and belief, know there are more than nineteen (19) employees who are entitled to benefits but for whom the Defendant is not paying contributions.

32. At no time has the Defendant paid contributions for, at the very least, the nineteen (19) aforementioned employees.

33. Based upon the foregoing, Plaintiffs are seeking specific performance of the 2004-2008 CBA; compelling an Arbitration Hearing before Arbitrator John G. Kennedy, who has already been selected by the Board of Trustees as the Arbitrator over matters involving delinquent contributions, once the Plaintiffs have conducted and concluded the audit of the Defendant as requested in Plaintiffs' Order to Show Cause.

34. Once an Arbitration Award is rendered by Arbitrator Kennedy, Plaintiffs hereby respectfully request this Court retain jurisdiction over the enforcement of the Arbitration Award under 28 U.S.C. 1331, 29 U.S.C. 1145 and 1132 and 9 U.SC. 9.

WHEREFORE, Plaintiffs, RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 50 WELFARE TRUST FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 50 PENSION TRUST FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 HEALTH CARE FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 ANNUITY FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW INTERNATIONAL UNION AND INDUSTRY PENSION FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 50 SEVERANCE FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 SAFETY-EDUCATION-CULTURAL FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 LEGAL FUND; and RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 INDEPENDENT WELFARE FUND, demand judgment against Defendant:

(a) Ordering the Defendant to permit an audit of wages, payroll, and personnel records for the period from June 2001 to the present, for which Defendant is obligated to contribute to the Funds and to pay all contributions, interest, and liquidated damages discovered in such audit and the costs of such audit;

(b) Compelling an Arbitration Hearing before Arbitrator, John G. Kennedy, for a date certain, once the audit has been completed; and

(c) Granting Plaintiffs such other and further relief as may be just and proper.

Respectfully submitted,

/S/
ANDREW JOHN CALCAGNO (AC 3085)
Attorney At Law
Attorney for Plaintiffs

*Main Office*
213 South Avenue East
Cranford, NJ 07016
Tel: (908) 272-7300
Fax: (908) 272-5577

*Satellite Office*
404 Manor Road
Staten Island, New York 10314
Tel: (718) 815-0200

Dated: Staten Island, New York
       June 14, 2007