UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――X
RICHARD ABONDOLO, as Chairman of the : Case No. 07-cv-4850(AKH)(DFE)
Board of Trustees of UFCW LOCAL 50 :      ECF CASE
WELFARE TRUST FUND; RICHARD :
ABONDOLO, as Chairman of the Board of :
Trustees of UFCW LOCAL 50 PENSION TRUST :
FUND; RICHARD ABONDOLO, as Chairman of :
the Board of Trustees of UFCW LOCAL 342 :
HEALTH CARE FUND; RICHARD ABONDOLO,:
as Chairman of the Board of Trustees of UFCW :
LOCAL 342 ANNUITY FUND; RICHARD :
ABONDOLO, as Chairman of the Board of :
Trustees of UFCW INTERNATIONAL UNION :
AND INDUSTRY PENSION FUND; RICHARD :
ABONDOLO, as Chairman of the Board of :
Trustees of UFCW LOCAL 50 SEVERANCE :
FUND; RICHARD ABONDOLO, as Chairman of :
the Board of Trustees of UFCW LOCAL 342 :
SAFETY-EDUCATION-CULTURAL FUND; :
RICHARD ABONDOLO, as Chairman of the :
Board of Trustees of UFCW LOCAL 342 LEGAL :
FUND; and RICHARD ABONDOLO, as Chairman :
of the Board of Trustees of UFCW LOCAL 342 :
INDEPENDENT WELFARE FUND, : **REPLY AFFIRMATION OF**
                                                                    : **ANDREW JOHN CALCAGNO**
                Plaintiffs, :
                                                                    :
           -against- :
                                                                    :
SIEGMUND STRAUSS, INC., :
                                                                    :
                Defendant. :
―――――――――――――――――――――――――――X

ANDREW JOHN CALCAGNO, ESQ., being duly sworn according to law, deposes and says:

1. I am an attorney duly admitted to practice law in the United States District Court for the Southern District of New York.

2. I am special litigation counsel for the Plaintiffs, and as such, am fully familiar with the facts and circumstances in this matter.

-1-

3. I make this Reply Affirmation in response to Defendant's Opposition and in support of Plaintiffs' Order to Show Cause compelling Defendant, Siegmund Strauss, Inc., to allow the Funds to conduct an audit of Defendants' payroll and financial records from June 2001 through the present.

4. Upon information and belief, the Defendant was incorporated on February 10, 1967. *See*, printout from the New York State Department of State Division of Corporations website showing the Defendant's initial DOS filing date, a copy of which is attached hereto as **Exhibit A**.

5. The Defendant contends that over 40 years ago, it executed and was a party to a Collective Bargaining Agreement (the "CBA") with the Plaintiffs.

6. UFCW Local 342 has only been in existence since 1990, when it merged with UFCW Local 50.

7. The Defendant has been a party to and bound by the terms of the CBA with UFCW Local 342 for the past 17 years and is fully aware that it is required to submit to an audit.

8. In fact, for over 40 years, the Defendant continued to sign the CBA, even after UFCW Local 50's merger with UFCW Local 342, evidencing its agreement with the Articles contained in the CBA; however, the Defendant continually failed to submit accurate remittance reports in an attempt to avoid paying contributions for all of its employees.

9. The Plaintiffs' choice not to audit the Defendant does not invalidate the CBA, especially since the Plaintiffs requested the audit after it was discovered that the Defendant has been falsely reporting the number of employees working for the Defendant.

10. The Defendant claims that this Court has no jurisdiction to render a decision on whether the CBA is valid.

11. Contrary to the Defendant's belief, this Court has jurisdiction based upon LMRA § 301.

12. Section 301(a) of the LMRA, provides:

> "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

13. For § 301 jurisdiction, "…there must be an allegation of breach of contract, and that it does not meet such requirement to allege that the employer refuses to reduce to writing and sign an agreement which has been reached…"  *See*, United Steelworkers of America v. Rome Industries, Inc., 1970 U.S. App. LEXIS 5734 (5th Cir.-OLD 1970).

14. In the case at hand, there is an allegation of breach of contract, specifically, the Defendant refuses to submit to an audit in accordance with the Collective Bargaining Agreement for the period of November 1, 1996 through October 31, 2000 ("1996-2000 CBA"), Memorandum of Agreement for the period of November 1, 2000 through October 31, 2004 ("2000-2004 MOA"), and Collective Bargaining Agreement for the period of November 1, 2004 through October 31, 2008 ("2004-2008 CBA"), all of which were signed by the Defendant.  See, signature pages of 1996-2000 CBA, 2000-2004 MOA, and 2004-2008 CBA, copies of which are attached to my original Affirmation as Exhibits A, B, and C, respectively, and made a part hereof by reference.

15. It is well-established law that "…pursuant to Section 301, federal courts have independent jurisdiction to decide cases alleging breaches of collective bargaining agreements, even though a breach may also constitute an unfair labor practice."  *See*, Board of Trustees v. Universal Enterprises, Inc., 1985 U.S. App. LEXIS 27771 (11th Cir. 1985) quoting Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc., 690 F.2d 489 (5th Cir. 1982).

16. Additionally, the case in which Siegmund Strauss is a Plaintiff was removed to the Eastern District of New York by the Defendant, United Food and Commercial Workers Union, Local 342 (the "Union") on June 15, 2007, based upon LMRA § 301 and is currently pending in the Eastern District of New York before the Honorable Joseph F. Bianco, U.S.D.J. bearing Case Number 07-cv-02432(JFB)(ETB).

17. The audit and arbitration hearing which the Plaintiffs in this case are requesting are not the same relief being requested by the Union in the case pending in the Eastern District. The Union in the case before the Eastern District of New York, is requesting an arbitration hearing based upon a grievance, not for the Employer's failure to pay contributions.

18. Furthermore, the Plaintiffs in this case and the Union are not the same parties.

19. Moreover, pursuant to 29 U.S.C. 1145 and 29 U.S.C. 1132, the federal district court has jurisdiction over matters involving an employer's failure to pay health care contributions on behalf of its employees in connection with a Collective Bargaining Agreement.

20. Based upon the foregoing, Plaintiffs respectfully request that this Honorable Court retain jurisdiction over the decision of the CBA's validity and grant Plaintiffs Order to Show Cause in its entirety.

Dated:  New York, New York
        June 25, 2007

_____/S/_____
ANDREW JOHN CALCAGNO (AC 3085)
Attorney for Plaintiffs