ANDREW JOHN CALCAGNO (AC 3085)
Attorney At Law
404 Manor Road
Staten Island, New York 10314
(718) 815-0200
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――X

| | |
|---|---|
| RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 50 WELFARE TRUST FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 50 PENSION TRUST FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 HEALTH CARE FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 ANNUITY FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW INTERNATIONAL UNION AND INDUSTRY PENSION FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 50 SEVERANCE FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 SAFETY-EDUCATION-CULTURAL FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 LEGAL FUND; and RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 INDEPENDENT WELFARE FUND, | Case No. 07-cv-4850(AKH)(DFE) ECF CASE |
| Plaintiffs, | **PETITION TO CONFIRM ARBITRATION AWARD AND FOR ATTORNEYS' FEES** |
| -against- | |
| SIEGMUND STRAUSS, INC., | |
| Defendant. | |

―――――――――――――――――――――――X

The Plaintiffs, RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 50 WELFARE TRUST FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 50 PENSION TRUST FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 HEALTH CARE FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 ANNUITY FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW INTERNATIONAL UNION AND INDUSTRY PENSION FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 50 SEVERANCE FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 SAFETY-EDUCATION-CULTURAL FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 LEGAL FUND; and RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 INDEPENDENT WELFARE FUND, by and through their attorney, Andrew John Calcagno, as and for their Petition, respectfully allege as follows:

## NATURE OF ACTION

1. This is an action to confirm one (1) labor arbitration award issued by John G. Kennedy dated July 25, 2007.

2. Jurisdiction of this Court is invoked pursuant to the Employee Retirement Income Security Action of 1974, 29 U.S.C. 1132(a) ("ERISA"), ERISA section 502, Section 301(a) of the Labor-Management Relations Act of 1974 29 U.S.C. 185(a) the "Act", and Section 9 of the United States Arbitration Act, 9 U.S.C. Section 9.

3. Venue is properly laid in this Judicial District pursuant to 29 U.S.C. 185(a) and 1132 and 9 U.S.C. Section 9.

## PARTIES

4. Plaintiff, RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 50 WELFARE TRUST FUND (the "Welfare Fund"), is a fiduciary empowered to bring this action on behalf of the Welfare Fund within the meaning of ERISA section 502. Plaintiff, RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 HEALTH CARE FUND (the "Health Care Fund"), is a fiduciary empowered to bring this action on behalf of the Health Care Fund within the meaning of ERISA section 502. Plaintiff, RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 INDEPENDENT WELFARE FUND (the "Ind. Welfare Fund"), is a fiduciary empowered to bring this action on behalf of the Ind. Welfare Fund within the meaning of ERISA section 502. The Welfare Fund, the Health Care Fund, and the Ind. Welfare Fund are employee welfare benefit plans within the meaning of ERISA Section 2, ERISA Section 3(1), and 29 U.S.C. 1002(1). The Welfare Fund, the Health Care Fund, and the Ind. Welfare Fund were established and are maintained by the Union and various Employers for the purpose of providing health care coverage and other benefits to members of the Union working for various Employers, including the Defendant herein. The Welfare Fund, the Health Care Fund, and the Ind. Welfare Fund maintain places of business at 540 West 48th Street, New York, New York 10036 and 166 East Jericho Turnpike, Mineola, New York 11501.

5. Plaintiff, RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 50 PENSION TRUST FUND (the "Pension Fund"), is a fiduciary empowered to bring this action on behalf of the Pension Fund within the meaning of ERISA section 502. Plaintiff, RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW INTERNATIONAL UNION AND INDUSTRY PENSION FUND (the "Int'l Pension Fund"), is a fiduciary empowered to bring this action on behalf of the Int'l Pension Fund within the meaning of ERISA section 502. The Pension Fund and the Int'l Pension Fund are employee benefit pension plans within the meaning of ERISA Section 2, ERISA Section 3(2)(A), and 29 U.S.C. 1002(2)(A). The Pension Fund and the Int'l Pension Fund were established and are maintained by the Union and various employers for the purpose of providing retirement income and benefits to members of the Union working for employers, including the Defendant herein. The Pension Fund and the Int'l Pension Fund maintain places of business at 540 West 48th Street, New York, New York 10036 and 166 East Jericho Turnpike, Mineola, New York 11501.

6. Plaintiff, RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 50 SEVERANCE FUND (the "Severance Fund"), is a fiduciary empowered to bring this action on behalf of the Severance Fund within the meaning of ERISA section 502. The Severance Fund is employee benefit pension plan within the meaning of ERISA Section 2, ERISA Section 3(2)(A), and 29 U.S.C. 1002(2)(A). The Severance Fund was established and is maintained by the Union and various employers for the purpose of providing severance benefits to members of the Union working for employers, including the Defendant herein. The Severance Fund maintains places of business at 540 West 48th Street, New York, New York 10036 and 166 East Jericho Turnpike, Mineola, New York 11501.

7. Plaintiff, RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 SAFETY-EDUCATION-CULTURAL FUND (the "SEC Fund"), is a fiduciary empowered to bring this action on behalf of the SEC Fund within the meaning of ERISA section 502. The SEC Fund is employee benefit pension plan within the meaning of ERISA Section 2, ERISA Section 3(2)(A), and 29 U.S.C. 1002(2)(A). The SEC Fund was established and is maintained by the Union and various employers for the purpose of providing security benefits to members of the Union working for employers, including the Defendant herein. The SEC Fund maintains places of business at 540 West 48th Street, New York, New York 10036 and 166 East Jericho Turnpike, Mineola, New York 11501.

8. Plaintiff, RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 LEGAL FUND (the "Legal Fund"), is a fiduciary empowered to bring this action on behalf of the Legal Fund within the meaning of ERISA section 502. The Legal Fund is employee benefit pension plan within the meaning of ERISA Section 2, ERISA Section 3(2)(A), and 29 U.S.C. 1002(2)(A). The Legal Fund was established and is maintained by the Union and various employers for the purpose of providing legal benefits to members of the Union working for employers, including the Defendant herein. The Legal Fund maintains places of business at 540 West 48th Street, New York, New York 10036 and 166 East Jericho Turnpike, Mineola, New York 11501.

9. Plaintiff, RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 ANNUITY FUND (the "Annuity Fund"), is a fiduciary empowered to bring this action on behalf of the Annuity Fund within the meaning of ERISA section 502. The Annuity Fund is employee benefit pension plan within the meaning of ERISA Section 2, ERISA Section 3(2)(A), and 29 U.S.C. 1002(2)(A). The Annuity Fund was established and is maintained by

the Union and various employers for the purpose of providing annuity benefits to members of the Union working for employers, including the Defendant herein. The Annuity Fund maintains places of business at 540 West 48th Street, New York, New York 10036 and 166 East Jericho Turnpike, Mineola, New York 11501.

10. The Health Care Fund, the Welfare Fund, the Pension Fund, the Int'l Pension Fund, the Severance Fund, the SEC Fund, the Legal Fund, the Annuity Fund, and the Ind. Welfare Fund are hereinafter collectively known as the "Funds" and/or the "Plaintiffs."

11. Defendant, Siegmund Strauss, Inc. (the "Employer" and/or the "Defendant", and/or "Strauss") is an employer within the meaning of Section 2(2) of the Act, 29 U.S.C. Section 152 (2). Upon information and belief, the Employer maintains places of business at 110 East 149th Street, Bronx, NY 10451 and 520 Exterior Street, Bronx, NY 10451 and a prior place of business at 7245 Bronx Terminal Mkt. Stall 10, Bronx, NY 10451.

12. UFCW Local 342 ("the Union") and the Employer are parties to a Collective Bargaining Agreement ("the Agreement"), which sets forth the wages, hours and conditions of employment for members of the Union working for the Employer.

13. Pursuant to the provisions of the Agreement, the Employer is obligated to make certain monthly contributions to the Funds to provide health care benefits to its employees.

14. Pursuant to the provisions of the Agreement, the Employer agreed to be bound by the Declarations of Affiliated and other documents of the Funds, and authorized the Funds to maintain an action on its own behalf to collect contributions due and owing to the Funds.

15. In pertinent part, the Agreement further provides that disputes between the Union and the Employer are to be resolved by arbitration and that the award of the arbitrator is final and binding and enforceable in any court of competent jurisdiction.

16. Pursuant to the provisions of the Agreement, if the Employer fails to make contributions to the Funds in a timely manner, the Funds are entitled to recover from the Employer the outstanding contributions to the Funds plus interest, liquidated damages, reasonable attorney's fees, court costs and disbursements.

17. For the period of May 1, 2001 through May 31, 2007, the Employer has failed to make contributions to the Funds for nineteen (19) employees as required by the Agreement.

18. The amounts owed by the Employer, for such contributions in accordance with the Arbitration Award dated July 25, 2007 (the "Award") are as follows:

- Health Care Fund — $ 775,124.00
- Pension Fund — $ 305,292.00
- Int'l Pension Fund — $ 33,440.00
- SEC Fund — $ 11,780.00
- Legal Fund — $ 9,462.00
- Interest @ 18% per annum — $ 621,441.08
- Liquidated Damages @ 20% — $ 351,307.82

    **TOTAL**    **$2,107,846.90**

19. The Employer has failed to make IBNR contributions to the Funds for twenty-two (22) employees as required by the Agreement.

20. The amounts owed by the Employer, for such contributions in accordance with the Arbitration Award dated July 25, 2007 (the "Award") are as follows:

- Health Care Fund – 3 Employees — $ 12,630.00
- Health Care Fund – 19 Employees — $ 79,990.00
- Interest @ 18% per annum — $ 3,915.30
- Liquidated Damages @ 20% — $ 19,307.06

    **TOTAL**    **$ 115,842.36**

21. In addition to the foregoing, the Employer owes Arbitrations fees in the amount of $800 per day for a total of two (2) days in the amount of **$1,600.00** plus attorneys' fees in the amount of **$13,867.15**.

22. The total amount owed by the Employer to the Funds, including Attorney's Fees, interest, liquidated damages, and Arbitration Fees for such contributions in accordance with the Award is **$2,239,156.41**. *See*, Arbitration Award, a copy of which is attached hereto as **Exhibit A**, and made a part hereof. *See also*, letter to counsel for Defendant and Invoice of Andrew John Calcagno, Esq. in the amount of $13,867.15, copies of which are attached hereto as **Exhibit B**, and made a part hereof.

### JULY 25, 2007 ARBITRATION PROCEEDINGS AND AWARD

23. After notice was duly given to the Employer, Arbitrator Kennedy conducted a hearing with regard to the Plaintiffs' claims for contributions. Richard M. Howard, Esq. of the law firm of Meltzer, Lippe, Goldstein, & Breitstone, LLP appeared on behalf of the Employer and Andrew John Calcagno, Esq. of Calcagno & Associates Attorneys at Law, LLC appeared on behalf of the Plaintiffs. The Arbitrator received proof and testimony relating to Contributions due and owing by the Employer to the Funds.

24. On August 9, 2007, Arbitrator Kennedy issued his award, a copy of which is annexed hereto as **Exhibit A.** In pertinent part, the Arbitrator found that the Employer violated the Agreement by failing to make contributions to the Funds on behalf of nineteen (19) employees for the period of May 1, 2001 through May 31, 2007 and also failed to make IBNR contributions.

25. The Arbitrator found that the Employer was obligated to pay a total of **$2,225,289.26** to the Funds for contributions, interest, liquidated damages, and arbitration fees.

26. Although the Funds have demanded that the Employer comply with the Award, the Employer has refused and has failed to pay the foregoing amount.

27. None of the foregoing amounts have been paid by the Employer and the Employer is not entitled to any credits or offsets.

### ATTORNEYS' FEES IN ACCORDANCE WITH THE AWARD

28. On August 9, 2007, Arbitrator Kennedy issued his award, a copy of which is annexed hereto as **Exhibit A.** In pertinent part, the Arbitrator found that pursuant to 29 USC 1132(g)(2), the Employer is obligated to pay attorneys' fees to counsel for the Funds in connection with the Arbitration proceedings and the action to compel the Arbitration.

29. The attorneys' fees in connection with the Complaint and Order to Show Cause to compel the Arbitration along with attorneys' fees in connection with the Arbitration Hearing is **$13,867.15**. *See*, letter to counsel for Defendant and Invoice of Andrew John Calcagno, Esq. in the amount of $13,867.15, copies of which are attached hereto as **Exhibit B**.

30. Although the counsel for the Funds has demanded that the Employer comply with the Award and pay the attorneys' fees, the Employer has refused and has failed to pay the foregoing amount.

31. No part of the foregoing amount has been paid by the Employer and the Employer is not entitled to any credits or offsets.

**WHEREFORE,** the Plaintiffs respectfully request an Order and Judgment:

    a.    confirming the Arbitration Award by John Kennedy dated August 9, 2007 and directing the Defendant to pay **$2,225,289.26** to the Plaintiffs;

    b.    confirming the Arbitration Award by John Kennedy dated August 9, 2007 and directing the Defendant to pay **$13,867.15** to counsel for the Plaintiffs;

    c.    granting the Plaintiffs additional costs and legal fees in bringing this action to confirm the Arbitration Award pursuant to 29 USC 1132(g)(2); and

    d.    for such other and further relief as this Court may deem just, proper and equitable.

Dated: Staten Island, New York
       September 6, 2007

                                              /S/
                                **ANDREW JOHN CALCAGNO (AC 3085)**
                                *Attorney At Law*
                                *Attorney for the Plaintiffs*

                                *Main Office*
                                213 South Avenue East
                                Cranford, NJ 07016
                                Tel: (908) 272-7300
                                Fax: (908) 272-5577

                                *Satellite Office*
                                404 Manor Road
                                Staten Island, New York 10314
                                Tel: (718) 815-0200