

|  |  |
|---|---|
| In the Matter of the Arbitration ) | |
| ) | |
| - between - ) | **OPINION and AWARD** |
| ) | |
| SIEGMUND STRAUSS, Inc. ) | Re: Delinquent Payments to the |
| ) | Local 342 Affiliated Trust Funds |
| and ) | |
| ) | |
| LOCAL 342 AFFILIATED ) | |
| TRUST FUNDS ) | |
| ) | |

APPEARANCES:

**For the Employer**
Meltzer, Lippe, Goldstein & Breitstone, LLP
    by Richard M. Howard, Esq.

**For the Funds**
Calcagno & Associates, LLC
    by Andrew J. Calcagno, Esq.
Adrienne Wincott, Funds Financial Administrator
Odalis Gutierrez, Fund Administrator

    The undersigned derives jurisdiction as Arbitrator of this matter through appointment by the Trustees of the various the Local 342 Affiliated Trust Funds (the "Funds") pursuant to the requirements in their associated Trust Documents and by the Summary Order of Hon. Alvin K. Hellerstein, U.S.D.J., dated: July 3, 2007. This designation directs the Arbitrator to render a written and binding Award on the Issues presented. In accordance with notice duly given to the parties, a hearing was held at the Long Island Marriott Hotel, 101 James Doolittle Blvd., Uniondale, New York on July 25, 2007. The parties were afforded a full opportunity to present evidence, examine and cross examine witnesses and otherwise present their respective arguments and proofs in support of their position relative to the Issues presented, which were submitted for a final and binding decision.

**Before: John G. Kennedy, Esq.**
       **Arbitrator**

Note: Reference to Exhibits received into the record are (J-0) for Joint Exhibits; (E-0) for Employer Exhibits; and (U-0) for Union Exhibits. Copies of all Exhibits submitted by the parties were distributed to those present during the hearing for their files. These Exhibits are referred to in this Opinion and Award as indicated.

## ISSUE

"Does the Employer owe contributions to the Local 342 Affiliated Trust Funds and if so, what is the amount of that contribution?"

## BACKGROUND

Siegmund Strauss, Inc. ("Strauss", the "Company" or the "Employer") is in the wholesale and retail food products business, with its principal place of business located at the Bronx Terminal Market, 110 East 149th Street, Bronx, New York. This arbitration is brought by the Local 342 Affiliated Trust Funds (the "Funds") and pursuant to a Summary Order (07 Civ. 4850) of the Honorable Alvin K. Hellerstein, United States District Judge, Southern District of New York, dated July 3, 2007.

The Company and the UFCW Local 342 are parties to a Collective Bargaining Agreement ("CBA" or "the Agreement"), effective November 1, 2004 through October 31, 2008 (J-2), wherein the Local 342 Funds are named as the beneficiary to that Agreement. Additionally, prior to the current CBA, the Funds stated that they were parties to related contractual relationships with the Company over an extended period of time. Further, that from 1990 through the current date, the Company contributed monthly payments to the Local 342 Affiliated Trust Funds for three (3) employees (Jerald Levy, Stanley Mayer and Marc Strauss), who were listed on related remittance reports.

On May 30, 2007, the Funds notified the Company (F-1) that they were made aware that certain employees of the Company were eligible for related Fund benefits for the period from May 2001 through May 2007 and that the Company failed to make those contributions on their behalf over that period of time. In that regard, the Funds

2

billed the Company for related contributions to the Local 342 Affiliated Trust Funds for those nineteen (19) employees. In addition, as determined by the Fund Trustees, the Fund billed the Company for its pro rata share of an 'Incurred but not Reported' ("IBNR") Welfare Fund contribution (F-1) for the period ending May 2007 for the nineteen (19) additional employees, as well as, the IBNR contribution for that same period of time for the three (3) abovementioned employees. Accordingly, when the Company failed to make these required contributions, the Funds scheduled this arbitration hearing regarding those matters.

## POSITION OF THE PARTIES

The **Funds** stated that the UNFCW Local 342 and the Company have been parties to several successive Collective Bargaining Agreements over an extended period of time, both as the UFCW Local 50 and the UFCW Local 342-50 when the two Unions merged. Continuing, the Union stated that its records contained remittance reports wherein three (3) of the Company employees have been provided with Fund benefits since 1990 (F-1).

On April 30, 2007, on the advise of the Local 342 Independent Welfare Fund actuaries and auditors advising of serious financial difficulties within the Fund, the Board of Trustees passed a resolution requiring all participating employers to contribute their pro-rata share of the projected IBNR claims. Consequently, the Fund billed all participating Employers to cover the IBNR shortfall expenses in the pro rata amount of $4,210.00 per employee.

In addition, the Funds stated that the UFCW Local 342 conducted a "union clean up" at the Company's place of business and advised the Funds that the Company

3

was employing nineteen (19) additional individuals that were not members of the Union and consequently not reported to the Funds pursuant to the requirements contained in the CBA (J-2). The Funds stated that during the Union's "clean up," those nineteen (19) employees were signed up as members and that information was made available to the Fund to provide related benefits. In that regard, the Funds notified Strauss (F-2) that pursuant to New York State Contract Law and the ERISA back billing limitation, the Employer would be billed for related contributions for those employees for the past six (6) years.

Continuing, the Funds advised that the Company was billed for a related contribution (F-1) for the IBNR payment for the three (3) employees named above, as well as, the nineteen (19) newly signed employees (F-1). Furthermore, the Funds back billed Strauss for delinquent contributions for the nineteen (19) recently signed individuals to May 1, 2001, on behalf of the Local 342 Welfare Fund, the Local 342 Pension Fund, the Local 342 International UFCW Fund, the Local 342 Safety-Education-Cultural Fund and the Local 342 Legal Fund.

The Funds stated that the back billing for related contributions and the IBNR charges were forwarded to the Company and have not been received. Therefore, the Funds request that an order be issued compelling the Company to comply with their obligation under the CBA (J-2).

The **Company** provided a "Pre-hearing Brief and Offer of Proof Preliminary Statement" at this arbitration hearing in support of its position. The Company's brief questions the existence of a valid collective bargaining agreement between the parties

and states that in the absence of a CBA there is no requirement for the arbitration of disputes, therefore the Funds demand for arbitration in this matter should be dismissed.

The Employer further states that certain aspects of this matter are currently being reviewed by the National Labor Relations Board ("NLRB"), who has primary jurisdiction to determine these issues. The Employer points out that in its forty (40) years of involvement with the Union and its Affiliated Funds, there was never an audit conducted of the Company to determine the number of employees nor did the Union normally communicate with the Strauss staff over that entire period of time.

The Company stresses that the matters currently before this arbitration should be heard by the NLRB to avoid delay and prevent the need for simultaneous litigation. Therefore, Strauss requests that this arbitration be stayed pending resolution of these matters by the NLRB.

## FACTS ESTABLISHED AT THE HEARING

Adrienne Wincott, the UFCW Local 342 Funds Financial Administrator, testified for the Funds stating that the Company was advised of the Resolution of the Board of Trustees that provided for the IBNR contribution. Additionally, that the Funds were notified by UFCW Local 342 that a recent "clean up" of the Strauss principal place of business revealed that there were nineteen (19) additional employees working at that location who were not members of the Union. Further, the witness pointed out that Article 2 of the CBA (J-2) requires all Company employees to be members of the Union, therefore, during the "clean up" the Union representatives signed those employees as members.

The witness testified that as a result, the Funds billed Strauss for the Local 342 Independent Welfare Fund IBNR for twenty two (22) employees and further billed the Company for the prior six (6) years, as permitted by NYS Contract Law, for related contributions for the nineteen (19) new members of the Local 342 Affiliated Trust Funds. The witness provided related Fund billing worksheets to the Company representative and the Arbitrator during this testimony, which are included in and made a part of this Award. The billing worksheets specify the amount due to the Funds for both the nineteen (19) employees back billing and the required IBNR contributions to the Local 342 Independent Welfare Fund for the twenty two (22) employees of the Company.

The **Company** acknowledged the Summary Order of Judge Hellerstein (J-1) and the CBA (J-2). Further, the Employer stipulated to the fact that the Funds billed Strauss for IBNR contributions for twenty two (22) employees and the billing worksheet for the period of May 1, 2001 through May 31, 2007 for nineteen (19) employees for related entitlement benefits that were available to those employees over that period of time.

In addition, the Employer requested time to compare the Fund demands to the Strauss employment records and further requested that this proceeding be forwarded to the NLRB for adjudication.

## DISCUSSION and OPINION

In reaching a decision in this matter, the Arbitrator reviewed personal notes made during the hearing, the evidence and exhibits presented by the parties, as well as the actual testimony offered by the parties.

Regarding the Company's request to adjourn this hearing, to either permit the NLRB to adjudicate this matter or in the alternative, to allow Strauss the time to comply with the Funds 'subpoena duces tecum', dated July 3, 2007 (F-1), to provide related discovery records pertaining to these issues. In that regard, it is noted that this matter has been directed to proceed to arbitration in the current forum by a Judge of the United States District Court (J-1). Moreover, a postponement was already granted to the Company for a prior arbitration hearing regarding this same matter, which was scheduled to be held on June 27, 2007. Further, the Employer has failed to comply with the Funds 'subpoena duces tecum' (F-1) to provide related records for this hearing, however, the Funds were still prepared to go forward with this arbitration hearing in spite of the fact that those records were not provided. In addition, the Company did not claim that it couldn't proceed because of the absence of a Strauss principal or a lack of witnesses and had sufficient time to prepare for this hearing. Therefore, the Arbitrator can find no legitimate argument to grant the Employer's request to adjourn this hearing, accordingly, both of the Employer's requests are denied.

In the matter concerning the nineteen (19) Strauss employees who have recently been added to the Union membership, it is noted that Article 2(b), of the CBA (J-2), entitled: <u>Union Security</u>, provides in pertinent part that ..."All present employees who are not members of the Union and all employees hired hereafter shall become and remain member in good standing of the Union as a condition of employment on and after the 31st day following the beginning of their employment or on or after the 31st day of the Agreement, whichever is the later. This clause shall be applied strictly in accordance with the requirements of the NLRB, as amended."

7

In that regard, testimony revealed that sometime prior to the arbitration hearing in this matter, the Union conducted a "clean up" of the Company's principal place of business and found that nineteen (19) employees of the Company were working at that location without the benefit of Union membership, as required in the CBA (J-2). Accordingly, pursuant to New York State Contract Law which limits back billing to a six (6) year period, the Arbitrator finds that the Funds are entitled to bill Strauss for delinquent contributions to the Local 342 Affiliated Trust Funds for those nineteen (19) employees, retroactive to May 1, 2001.

In the matter of the IBNR payment to the Local 342 Independent Welfare Fund, the Arbitrator finds that the Fund provided proof that a resolution was passed by the Fund's Board of Trustees (F-1), which cited a review of the financial status of the Fund by its actuaries and auditors, and further required participating Employers to contribute a pro-rata share to offset projected IBNR and administrative expenses. In that regard, in May 2007, the Company was billed for that IBNR contribution (F-1) for three (3) employees, Levy, Mayer and Strauss. In addition, on June 7, 2007, the Fund billed the Company for the IBNR contribution (F-1) for nineteen (19) additional employees, pursuant to the resolution of the Fund's Trustees (F-1). Accordingly, the Arbitrator finds that the Fund acted within the authority of the CBA (J-2) in requiring related contributions from the Company for these twenty two (22) employees and that the Employer is delinquent in making obligatory IBNR contributions to the Fund.

Based upon the evidence and testimony presented by both sides and upon all of the foregoing facts, as well as the record in its entirety, the undersigned Arbitrator hereby renders, decides and issues the following final and binding Award:

## AWARD

The Company shall pay to the Local 342 Affiliated Trust Funds the below listed contributions for the nineteen (19) identified employees, calculated from May 1, 2001 through May 31, 2007. In addition, the Company shall pay to the 342 Health Care Fund, the IBNR contribution for the 22 listed employees. (Attached are four (4) related billing exhibits which provide complete contribution details). In addition to these contributions, related interest @ 18% per annum, liquated damages @ 20%, attorney and arbitration fees shall apply. Upon receipt of this Award, the Company shall forward the total amount due to the Local 342 Affiliated Trust Funds office.

| Fund | Contribution Due |
|---|---|
| 342 Health Care Fund | $ 775,124.00 |
| Pension Trust Fund | 305,292.00 |
| International UFCW Fund | 33,440.00 |
| SEC Fund | 11,780.00 |
| Legal Fund | 9,462.00 |
| Interest: | 621,441.08 |
| Liquated Damages: | 351,307.82 |
| Sub Total: | $ 2,107,846.90 |

### IBNR

| | |
|---|---|
| 342 Health Care Fund – 3 Employees | $ 12,630.00 |
| 342 Health Care Fund – 19 Employees | 79,990.00 |
| Interest: | 3,915.30 |
| Liquated Damages: | 19,307.06 |
| Sub Total: | $ 2,223,689.26 |
| Arbitration Fee: 2 days @ $800.00 | $ 1,600.00 |
| **Total Amount Due:** | **$ 2,225,289.26** |

**Attorney Fees**: Pursuant to 29 USC, Section 1132 (2005), sub. (g): reasonable attorney fees and the cost involved in obtaining equitable relief shall apply. Accordingly, Counsel for the Funds, Andrew J. Calcagno, Esq. shall submit his invoice for professional services rendered directly to the Company.

9

This hearing shall remain open and the jurisdiction of the undersigned Arbitrator shall continue to dispose of any problems that may be encountered by the parties in the administration of this Award.

Dated: August 9, 2007

_____
John G. Kennedy, Esq.
Arbitrator

## AFFIRMATION

STATE OF NEW YORK    )
                                             ) ss.:
COUNTY OF NASSAU  )

I, JOHN G. KENNEDY, Esq., do hereby affirm upon my oath as Arbitrator that I am the individual described herein and who executed this instrument, which is my Award.

Dated: August 9, 2007

_____
John G. Kennedy, Esq.
Arbitrator

## Siegmund Strauss, Inc.

### Contract 11/1/2000 - 10/31/2004

| | Welfare: $502.00 5/1/01 to 10/31/02 | Welfare: $542.00 11/1/02 to 10/31/03 | Welfare: $582.00 11/1/03 to 10/31/04 | Pension: $204.00 11/1/00 to 10/31/04 | Int'l Pension: $16.00 11/1/01 to 10/31/03 | Int'l Pension: $32.00 11/1/03 to 10/31/04 | SEC: $6.00 11/1/00 to 4/30/01 | SEC: $8.00 5/1/01 to 10/31/04 | Legal: $2.00 11/1/00 to 4/30/01 | Legal: $6.00 5/1/01 to 10/31/04 |
|---|---|---|---|---|---|---|---|---|---|---|
| Marcos Rosario | $8,534.00 | $6,504.00 | $6,984.00 | $9,792.00 | $384.00 | $384.00 | $36.00 | $336.00 | $12.00 | $252.00 |
| Bradford Clare | $8,534.00 | $6,504.00 | $6,984.00 | $9,792.00 | $384.00 | $384.00 | $36.00 | $336.00 | $12.00 | $252.00 |
| Angelo Gutierrez | $8,534.00 | $6,504.00 | $6,984.00 | $9,792.00 | $384.00 | $384.00 | $36.00 | $336.00 | $12.00 | $252.00 |
| Erahisto Gonzalez | $8,534.00 | $6,504.00 | $6,984.00 | $9,792.00 | $384.00 | $384.00 | $36.00 | $336.00 | $12.00 | $252.00 |
| Jose Lantigua | $8,534.00 | $6,504.00 | $6,984.00 | $9,792.00 | $384.00 | $384.00 | $36.00 | $336.00 | $12.00 | $252.00 |
| Carlos Chorata | $8,534.00 | $6,504.00 | $6,984.00 | $9,792.00 | $384.00 | $384.00 | $36.00 | $336.00 | $12.00 | $252.00 |
| Nelson Dominique | $8,534.00 | $6,504.00 | $6,984.00 | $9,792.00 | $384.00 | $384.00 | $36.00 | $336.00 | $12.00 | $252.00 |
| Ruth Valera | $8,534.00 | $6,504.00 | $6,984.00 | $9,792.00 | $384.00 | $384.00 | $36.00 | $336.00 | $12.00 | $252.00 |
| Braulio Santos | $8,534.00 | $6,504.00 | $6,984.00 | $9,792.00 | $384.00 | $384.00 | $36.00 | $336.00 | $12.00 | $252.00 |
| Jessie Summerville | $8,534.00 | $6,504.00 | $6,984.00 | $9,792.00 | $384.00 | $384.00 | $36.00 | $336.00 | $12.00 | $252.00 |
| Sidney Martinez | $8,534.00 | $6,504.00 | $6,984.00 | $9,792.00 | $384.00 | $384.00 | $36.00 | $336.00 | $12.00 | $252.00 |
| Jorge Gonzalez | $8,534.00 | $6,504.00 | $6,984.00 | $9,792.00 | $384.00 | $384.00 | $36.00 | $336.00 | $12.00 | $252.00 |
| Armando Gonzalez | $8,534.00 | $6,504.00 | $6,984.00 | $9,792.00 | $384.00 | $384.00 | $36.00 | $336.00 | $12.00 | $252.00 |
| Demetri Matters | $8,534.00 | $6,504.00 | $6,984.00 | $9,792.00 | $384.00 | $384.00 | $36.00 | $336.00 | $12.00 | $252.00 |
| Pedro Taveras | $8,534.00 | $6,504.00 | $6,984.00 | $9,792.00 | $384.00 | $384.00 | $36.00 | $336.00 | $12.00 | $252.00 |
| Marita Diaz | $8,534.00 | $6,504.00 | $6,984.00 | $9,792.00 | $384.00 | $384.00 | $36.00 | $336.00 | $12.00 | $252.00 |
| Juan Banifdeo | $8,534.00 | $6,504.00 | $6,984.00 | $9,792.00 | $384.00 | $384.00 | $36.00 | $336.00 | $12.00 | $252.00 |
| Pablo Rena | $8,534.00 | $6,504.00 | $6,984.00 | $9,792.00 | $384.00 | $384.00 | $36.00 | $336.00 | $12.00 | $252.00 |
| Nelson Escobar | $8,534.00 | $6,504.00 | $6,984.00 | $9,792.00 | $384.00 | $384.00 | $36.00 | $336.00 | $12.00 | $252.00 |
| **Totals** | $162,146.00 | $123,576.00 | $132,696.00 | $186,048.00 | $7,296.00 | $7,296.00 | $684.00 | $6,384.00 | $228.00 | $4,788.00 |

| | Welfare 17 Months | Welfare 12 Months | Welfare 12 Months | Pension 48 Months | Int'l Pension 24 Months | Int'l Pension 12 Months | SEC 6 Months | SEC 42 Months | Legal 6 Months | Legal 42 Months |
|---|---|---|---|---|---|---|---|---|---|---|
| Contribution Per Mo. | $502.00 | $542.00 | $582.00 | $204.00 | $16.00 | $32.00 | $6.00 | $8.00 | $2.00 | $6.00 |
| Months X 19 Members | $8,534.00 | $6,504.00 | $6,984.00 | $9,792.00 | $384.00 | $384.00 | $36.00 | $336.00 | $12.00 | $252.00 |
| | $162,146.00 | $123,576.00 | $132,696.00 | $186,048.00 | $7,296.00 | $7,296.00 | $684.00 | $6,384.00 | $228.00 | $4,788.00 |

Total Welfare      $ 418,418.20
Total Pension      $ 186,048.00
Total Int'l Pension $ 14,592.00
Total SEC          $ 7,068.00
Total Legal        $ 5,016.00
                   $ 631,142.20

**Total Contribution Due for Contract May 2001 thru October 2004 $631,142.20**

## Siegmund Strauss, Inc.

### Contract 11/1/2004 - 10/31/2008

| | Welfare: $582.00 11/1/04 to 5/31/05 | Welfare: $576.00 6/1/05 to 5/31/06 | Welfare: $650.00 6/1/06 to 5/31/07 | Pension: $204.00 11/1/04 to 4/30/05 | Pension: $192.00 5/1/05 to 4/30/06 | Pension: $212.00 5/1/06 to 5/31/07 | Int'l Pension: $32.00 11/1/04 to 5/31/07 | SEC: $8.00 11/1/04 to 5/31/07 | Legal: $6.00 11/1/04 to 5/31/05 | Legal: $6.00 42 Months |
|---|---|---|---|---|---|---|---|---|---|---|
| Marcos Rosedio | $4,074.00 | | | | | | | | | |
| Bradford Clane | $4,074.00 | $6,900.00 | $7,800.00 | $1,428.00 | $2,304.00 | $2,544.00 | $992.00 | $248.00 | $42.00 | $192.00 |
| Angelo Gutierrez | $4,074.00 | $6,900.00 | $7,800.00 | $1,428.00 | $2,304.00 | $2,544.00 | $992.00 | $248.00 | $42.00 | $192.00 |
| Erainsta Gonzalez | $4,074.00 | $6,900.00 | $7,800.00 | $1,428.00 | $2,304.00 | $2,544.00 | $992.00 | $248.00 | $42.00 | $192.00 |
| Jose Lantigua | $4,074.00 | $6,900.00 | $7,800.00 | $1,428.00 | $2,304.00 | $2,544.00 | $992.00 | $248.00 | $42.00 | $192.00 |
| Carlos Chanata | $4,074.00 | $6,900.00 | $7,800.00 | $1,428.00 | $2,304.00 | $2,544.00 | $992.00 | $248.00 | $42.00 | $192.00 |
| Nelson Dominque | $4,074.00 | $6,900.00 | $7,800.00 | $1,428.00 | $2,304.00 | $2,544.00 | $992.00 | $248.00 | $42.00 | $192.00 |
| Ruth Valera | $4,074.00 | $6,900.00 | $7,800.00 | $1,428.00 | $2,304.00 | $2,544.00 | $992.00 | $248.00 | $42.00 | $192.00 |
| Braulio Santos | $4,074.00 | $6,900.00 | $7,800.00 | $1,428.00 | $2,304.00 | $2,544.00 | $992.00 | $248.00 | $42.00 | $192.00 |
| Jessie Summervize | $4,074.00 | $6,900.00 | $7,800.00 | $1,428.00 | $2,304.00 | $2,544.00 | $992.00 | $248.00 | $42.00 | $192.00 |
| Sidney Martinez | $4,074.00 | $6,900.00 | $7,800.00 | $1,428.00 | $2,304.00 | $2,544.00 | $992.00 | $248.00 | $42.00 | $192.00 |
| Jorge Gonzalez | $4,074.00 | $6,900.00 | $7,800.00 | $1,428.00 | $2,304.00 | $2,544.00 | $992.00 | $248.00 | $42.00 | $192.00 |
| Armando Gozalez | $4,074.00 | $6,900.00 | $7,800.00 | $1,428.00 | $2,304.00 | $2,544.00 | $992.00 | $248.00 | $42.00 | $192.00 |
| Demetri Matters | $4,074.00 | $6,900.00 | $7,800.00 | $1,428.00 | $2,304.00 | $2,544.00 | $992.00 | $248.00 | $42.00 | $192.00 |
| Pedro Taveras | $4,074.00 | $6,900.00 | $7,800.00 | $1,428.00 | $2,304.00 | $2,544.00 | $992.00 | $248.00 | $42.00 | $192.00 |
| Marita Diaz | $4,074.00 | $6,900.00 | $7,800.00 | $1,428.00 | $2,304.00 | $2,544.00 | $992.00 | $248.00 | $42.00 | $192.00 |
| Juan Banildino | $4,074.00 | $6,900.00 | $7,800.00 | $1,428.00 | $2,304.00 | $2,544.00 | $992.00 | $248.00 | $42.00 | $192.00 |
| Pablo Rena | $4,074.00 | $6,900.00 | $7,800.00 | $1,428.00 | $2,304.00 | $2,544.00 | $992.00 | $248.00 | $42.00 | $192.00 |
| Nelson Escobar | $4,074.00 | $6,900.00 | $7,800.00 | $1,428.00 | $2,304.00 | $2,544.00 | $992.00 | $248.00 | $42.00 | $192.00 |
| **Totals** | $77,406.00 | $131,100.00 | $148,200.00 | $27,132.00 | $43,776.00 | $48,336.00 | $18,848.00 | $4,712.00 | $798.00 | $3,648.00 |

### Contract 11/1/2004 - 10/31/2008

| | Welfare 7 Months | Welfare 12 Months | Welfare 12 Months | Pension 7 Months | Pension 12 Months | Pension 12 Months | Int'l Pension 31 Months | SEC 31 Months | Legal 7 Months | Legal 24 Months |
|---|---|---|---|---|---|---|---|---|---|---|
| Contribution Per Mo. | $582.00 | $575.00 | $650.00 | $204.00 | $192.00 | $212.00 | $32.00 | $8.00 | $6.00 | $8.00 |
| Months X 19 Members | $4,074.00 | $6,900.00 | $7,800.00 | $1,428.00 | $2,304.00 | $2,544.00 | $992.00 | $248.00 | $42.00 | $192.00 |
| | $77,406.00 | $131,100.00 | $148,200.00 | $27,132.00 | $43,776.00 | $48,336.00 | $18,848.00 | $4,712.00 | $798.00 | $3,648.00 |

| | |
|---|---|
| Total Welfare | $ 356,706.00 |
| Total Pension | $119,244.00 |
| Total Int'l Pensio | $18,848.00 |
| Total SEC | $4,712.00 |
| Total Legal | 4,446.00 |
| | $ 503,956.00 |

Total Contribution Due for Contract November 2004 thru May 2007 $503,956.00

UFCW Local 342 Funds Office - P. O. Box 328 Mineola, NY 11501-0328

F-1

## FUNDS CHECKOFF

### For the Month of : May 2007

**Payment is Due by the 20th of the Month**          **Please Issue Separate Checks for Each Fund**

| 7245 | SIEGMUND STRAUSS INC | | | | | |
|---|---|---|---|---|---|---|
| | 110 EAST 149TH STREET | Union Rep: Anwar M. Colindres | | | | |
| | | Phone: (718)2924520 | | | | |
| | BRONX, NY 10451 | | | | | |

| Local ID | F | | Hire Date | Welfare | Pension | SEC | Legal | Annuity |
|---|---|---|---|---|---|---|---|---|
| JERALD | LEVY | 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 | 6/1/1990 | 4,210.00 | 0.00 | 0.00 | 8.00 | 0.00 |
| STANLEY | MAYER | 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 | 6/29/1987 | 4,210.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| MARC | STRAUSS | 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 | 6/29/1987 | 4,210.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Fund Totals: | | 12,630.00 | 0.00 | 0.00 | 8.00 | 0.00 |

### Billing Summary

| | | Welfare | | Pension | | S.E.C. | | Legal | | Annuity |
|---|---|---|---|---|---|---|---|---|---|---|
| Totals for Full Time: | 3 | 12,630.00 | 0 | 0.00 | 0 | 0.00 | 1 | 8.00 | 0 | 0.00 |
| Totals for PartTime: | 0 | 0.00 | 0 | 0.00 | 0 | 0.00 | 0 | 0.00 | 0 | 0.00 |
| Grand Total: | 3 | 12,630.00 | 0 | 0.00 | 0 | 0.00 | 1 | 8.00 | 0 | 0.00 |

245    SIEGMUND STRAUSS INC.                                    Page 1

**Please Return a Copy of this Bill with SEPARATE Check(s) for each Fund for each Benefit**

| UFCW Local 342 Funds Office - PO Box 328 Mineola, NY 11501-0328 | 6/7/2007 |
|---|---|
| **LOCAL 342 HEALTHCARE FUND** | |

Bill to: 7245
Siegmund Strauss, Inc.
Bronx Terminal Market Stall 10
Bronx, NY 10451

IBNR Contributions not previously billed:

| Last Name | First Name | Amount |
|---|---|---|
| Rosadio | Marcos | 4,210.00 |
| Clane | Bradford | 4,210.00 |
| Gutierrez | Angelo | 4,210.00 |
| Gonzalez | Erairisto | 4,210.00 |
| Lantigua | Jose | 4,210.00 |
| Chonata | Carlos | 4,210.00 |
| Dominque | Nelson | 4,210.00 |
| Valera | Ruth | 4,210.00 |
| Santos | Braulio | 4,210.00 |
| Summerville | Jessie | 4,210.00 |
| Martinez | Sidney | 4,210.00 |
| Gonzalez | Jorge | 4,210.00 |
| Gonzalez | Armando | 4,210.00 |
| Matters | Demetri | 4,210.00 |
| Taveras | Pedro | 4,210.00 |
| Diaz | Maritia | 4,210.00 |
| Baniditeo | Juan | 4,210.00 |
| Rena | Pablo | 4,210.00 |
| Escobar | Nelson | 4,210.00 |
| **TOTAL** | | **79,990.00** |